IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| T & E INVESTMENT GROUP, LLC, d/b/a ROBERTS INVESTMENT GROUP and TIMOTHY ROBERTS,<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTOPHER FAULKNER, BREITLING OIL AND GAS CORPORATION, PARKER HALLAM and DUSTIN RODRIGUEZ a/k/a MICHAEL MILLER<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 3-11CV0724-P<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, Defendants Christopher Faulkner ("Faulkner"), Brietling Oil and Gas Corporation ("Breitling"), Parker Hallam ("Hallam"), and Dustin Rodriguez a/k/a Michael Miller ("Rodriguez") ( collectively, "Defendants"), by and through their undersigned counsel, and file their Original Answer and Affirmative Defenses to Plaintiffs' Complaint ("Answer"), and in support thereof would show unto the Court, as follows:

1. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of, and on that basis deny, the allegations in paragraph 1 of T & E Investment Group, LLC, d/b/a/ Roberts Investment Group and Timothy Roberts' ("Plaintiffs") Complaint.

2. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of, and on that basis deny, the allegations in paragraph 2 of Plaintiffs' Complaint.

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

7. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of, and on that basis deny, the allegations in paragraph 7 of Plaintiffs' Complaint.

8. Defendants admit that each of the individual defendants reside in the Northern District of Texas. However, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of, and on that basis deny, the remaining allegations in paragraph 8 of Plaintiffs' Complaint.

9. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of, and on that basis deny, the allegations in the first sentence of paragraph 9 of Plaintiffs' Complaint. Defendants' admit the remaining allegations in paragraph 9 of Plaintiffs' Complaint.

10. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of, and on that basis deny, the allegations in paragraph 10 of Plaintiffs' Complaint.

11. Defendants admit that Hallam and Rodriquez no longer work for Plaintiff and ceased to do so in or around fall of 2009. Defendants deny as untrue the remaining allegations in paragraph 11 of Plaintiffs' Complaint.

12. Defendants deny as untrue the allegations in paragraph 12 of Plaintiffs' Complaint.

13. Defendants deny as untrue the allegations in paragraph 13 of Plaintiffs' Complaint.

14. Defendants deny as untrue the allegations in paragraph 14 of Plaintiffs' Complaint.

15. Defendants deny as untrue the allegations in paragraph 15 of Plaintiffs' Complaint.

16. Defendants deny as untrue the allegations in paragraph 16 of Plaintiffs' Complaint.

17. Defendants deny as untrue the allegations in paragraph 17 of Plaintiffs' Complaint.

18. Defendants deny as untrue the allegations in paragraph 18 of Plaintiffs' Complaint.

19. Defendants deny as untrue the allegations in paragraph 19 of Plaintiffs' Complaint.

20. Defendants deny as untrue the allegations in paragraph 20 of Plaintiffs' Complaint.

21. Defendants deny as untrue the allegations in paragraph 21 of Plaintiffs' Complaint.

22. Defendants deny as untrue the allegations in paragraph 22 of Plaintiffs' Complaint.

23. Defendants deny as untrue the allegations in paragraph 23 of Plaintiffs' Complaint.

24. Defendants deny as untrue the allegations in paragraph 24 of Plaintiffs' Complaint.

25. Defendants deny as untrue the allegations in paragraph 25 of Plaintiffs' Complaint.

26. Defendants deny as untrue the allegations in paragraph 26 of Plaintiffs' Complaint.

27. Defendants deny as untrue the allegations in paragraph 27 of Plaintiffs' Complaint.

28. Defendants deny as untrue the allegations in paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny as untrue the allegations in paragraph 29 of Plaintiffs' Complaint.

30. Defendants deny as untrue the allegations in paragraph 30 of Plaintiffs' Complaint.

31. Defendants deny as untrue the allegations in paragraph 31 of Plaintiffs' Complaint.

32. Defendants deny as untrue the allegations in paragraph 32 of Plaintiffs' Complaint.

33. Defendants deny as untrue the allegations in paragraph 33 of Plaintiffs' Complaint.

34. Defendants deny as untrue the allegations in paragraph 34 of Plaintiffs' Complaint.

35. Defendants deny as untrue the allegations in paragraph 35 of Plaintiffs' Complaint.

36. Defendants deny as untrue the allegations in paragraph 36 of Plaintiffs' Complaint.

37. Defendants deny as untrue the allegations in paragraph 37 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

38. Plaintiffs are precluded from asserting their business disparagement and tortious interference claims and/or obtaining relief thereunder because of the doctrine of substantial truth. While Defendants deny that they made any disparaging statements about Plaintiffs, Defendants would show that all statements made to third-parties, if any, were truthful.

39. Plaintiffs are precluded from asserting their business disparagement and tortious interference claims and/or obtaining relief thereunder because Defendants are protected by a qualified privilege. While Defendants deny that they made any disparaging statements about Plaintiffs, Defendants would show that all statements made to third-parties, if any, were made without malice and to other individuals similarly situated such that they had a similar interest in

the information. Furthermore, any information communicated to third-parties was truthful and/or honest advice and made in good faith.

40. Plaintiffs are precluded from asserting their business disparagement and tortious interference claim and/or obtaining relief thereunder because of the doctrine of consent.

41. Plaintiffs are precluded from asserting their business disparagement and tortious interference claims and/or obtaining relief thereunder because Defendants' actions were legally justified. At all times, Defendants were exercising their own legal rights.

42. Plaintiffs are precluded from asserting their declaratory judgment claim and/or obtaining relief thereunder because of the doctrine of estoppel.

43. Plaintiffs are precluded from asserting their declaratory judgment, business disparagement, and tortious interference claims and/or obtaining relief thereunder due to Plaintiffs' fraud.

44. Plaintiff are precluded from asserting their business disparagement and tortious interference claims and/or obtaining relief thereunder because of Plaintiffs' fault. Plaintiffs' own actions caused Plaintiffs' damages, if any.

45. Plaintiffs' Complaint and the counts alleged herein fails to state a claim against Defendants upon which relief can be granted.

46. Plaintiffs' claims are barred by the doctrines of fair use and nominative fair use.

47. Plaintiffs' claims in so far as they attempt to state an action under the Lanham Act or for federal or common law infringement, dilution or unfair competition, fail to state a claim upon which relief can be granted because such terms constitute a common descriptive and merely descriptive and/or generic combination of words, which have not acquired a secondary

meaning uniquely identifying Defendants as a sole source of goods and services, and which may be registered as a domain name by anyone, on a first-come, first-served, basis.

48.   Plaintiffs' claims are barred by the doctrine of equitable estoppels.

49.   Plaintiffs' claims are barred by the doctrines of laches and estoppels.

50.   Plaintiffs' claims are barred by the doctrine of unclean hands.

51.   Plaintiffs' alleged "damages" due to infringement are solely the result of Plaintiffs' own conduct or that of its agents and Plaintiffs have entirely failed to mitigate those damages or alternatively has fabricated the alleged infringement.

52.   The infringement complained of by Plaintiffs is due to third-parties over whom Defendants have no control and no duty or obligation to police.

Respectfully submitted,

**FRIEDMAN & FEIGER, L.L.P.**

By: /s/ R. Brian Shields
   Lawrence J. Friedman
   Texas Bar No. 07469300
   R. Brian Shields
   Texas Bar No. 24056310

5301 Spring Valley Road, Suite 200
Dallas, Texas 75240
Telephone (972) 788-1400
Telecopier (972) 776-5313

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was delivered electronically upon all parties or their counsel of record on the 3rd day of May, 2011, as follows:

Ben L. Krage
Mark A. Hendrix
Krage & Janvey, L.L.P.
2100 Ross Avenue, Suite 2600
Dallas, Texas 75201
(214) 397-1914 Telephone
(214) 220-0230 Facsimile


/s/ R. Brian Shields
R. Brian Shields