# TAB 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| T & E INVESTMENT GROUP, LLC, d/b/a ROBERTS INVESTMENT GROUP and TIMOTHY ROBERTS, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | No. 3:11-cv-0724-P (consolidated with No. 3:11-cv-1558-P) |
| CHRISTOPHER FAULKNER, BREITLING OIL AND GAS CORPORATION, PARKER HALLAM, and DUSTIN RODRIGUEZ a/k/a MICHAEL MILLER, | § § § § § § | |
| Defendants. | § | |

## DEFENDANTS' REQUESTED JURY INSTRUCTIONS AND CHARGE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Christopher Faulkner ("Faulkner"), Breitling Oil and Gas Corporation ("Breitling"), Parker Hallam ("Hallam"), and Dustin Rodriguez ("Rodriguez") (Faulkner, Breitling, Hallum and Rodriquez are collectively referred to as the "Defendants"), and submit this Requested Jury Instructions and Charge as follows:

INSTRUCTION NO. 1:

**Preliminary Instructions**

Members of the jury panel, if you have a cell phone, PDA, Blackberry, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications,

then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.


AUTHORITY:
     U.S. Fifth Circuit Pattern Jury Instructions (Civil Cases) §1.1 (2014).

     Accepted: _____
     Refused: _____
     Accepted as modified above: _____

     Signed this _____ day of January, 2015.


                           **UNITED STATES DISTRICT JUDGE**

INSTRUCTION NO. 2:

**Preliminary Instructions**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Black- berry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiffs will present their case through witness testimony and documentary or other evidence. Next, the defendants will have an opportunity to present their case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.


AUTHORITY:
U.S. Fifth Circuit Pattern Jury Instructions (Civil Cases) §1.2 (2014).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this ____ day of January, 2015.


_____
**UNITED STATES DISTRICT JUDGE**

INSTRUCTION NO. 3:

**First Recess**

We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

AUTHORITY:
U.S. Fifth Circuit Pattern Jury Instructions (Civil Cases) §2.1 (2014).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

INSTRUCTION NO. 4:

**Discontinuance as to Some Parties**

Certain parties are no longer involved in this trial. As jurors, it is your duty to consider the issues among the remaining parties.

AUTHORITY:

U.S. Fifth Circuit Pattern Jury Instructions (Civil Cases) §2.5 (2014).

Accepted: _____

Refused: _____

Accepted as modified above: _____

Signed this ____ day of January, 2015.

_____

**UNITED STATES DISTRICT JUDGE**

INSTRUCTION NO. 5:

**Charts and Summaries**

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

AUTHORITY:
U.S. Fifth Circuit Pattern Jury Instructions (Civil Cases) §2.7 (2014).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

INSTRUCTION NO. 6:

**Demonstrative Evidence**

Exhibit _____ is an illustration. It is a party's [description/picture/model] used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.


AUTHORITY:
U.S. Fifth Circuit Pattern Jury Instructions (Civil Cases) §2.8 (2014).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this ____ day of January, 2015.


_____
**UNITED STATES DISTRICT JUDGE**

INSTRUCTION NO. 7:

**Bench Conferences and Recesses**

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

AUTHORITY:

U.S. Fifth Circuit Pattern Jury Instructions (Civil Cases) §2.7 (2014).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

<u>INSTRUCTION NO. 8:</u>

**Bias -- Corporate Party Involved**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

<u>AUTHORITY:</u>
U.S. Fifth Circuit Pattern Jury Instructions (Civil Cases) §2.16 (2014).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

INSTRUCTION NO. 9:

**General Instructions for Charge**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiffs or the defendants in arriving at your verdict.

AUTHORITY:
    U.S. Fifth Circuit Pattern Jury Instructions (Civil Cases) §3.1 (2014).

    Accepted: _____
    Refused: _____
    Accepted as modified above: _____

    Signed this _____ day of January, 2015.

_____

_____
**UNITED STATES DISTRICT JUDGE**

INSTRUCTION NO. 10:

**Burden of Proof: Preponderance of the Evidence**

Plaintiffs, T & E Investment Group, LLC d/b/a Roberts Investment Group and Timothy Roberts, have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have has failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

AUTHORITY:
U.S. Fifth Circuit Pattern Jury Instructions (Civil Cases) §3.2 (2014).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____

**UNITED STATES DISTRICT JUDGE**

INSTRUCTION NO. 11:

**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

AUTHORITY:
U.S. Fifth Circuit Pattern Jury Instructions (Civil Cases) §3.3 (2014).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this ____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

INSTRUCTION NO. 12:

**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

AUTHORITY:
U.S. Fifth Circuit Pattern Jury Instructions (Civil Cases) §3.4(2014).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

INSTRUCTION NO. 13:

**Expert Witness**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.


AUTHORITY:

U.S. Fifth Circuit Pattern Jury Instructions (Civil Cases) §3.5 (2014).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.


_____
**UNITED STATES DISTRICT JUDGE**

<u>INSTRUCTION NO. 14:</u>

**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

<u>AUTHORITY:</u>
U.S. Fifth Circuit Pattern Jury Instructions (Civil Cases) §3.6 (2014).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

INSTRUCTION NO. 15:

**Duty to Deliberate; Notes**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

AUTHORITY:
U.S. Fifth Circuit Pattern Jury Instructions (Civil Cases) §3.7 (2014).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____

**UNITED STATES DISTRICT JUDGE**

## JURY QUESTIONS

### INSTRUCTION NO. 1 (Strength as a Liklihood of Confusion Factor)

How strongly a trademark indicates that a service comes from a particular source even if unknown is an important factor to consider in Instruction _____ [*insert number of instruction regarding likelihood of confusion*] for determining whether the trademark allegedly used by the defendants creates for consumers a likelihood of confusion with the plaintiffs' mark.

The plaintiff asserts [*insert claimed trademark*] is a trademark for its business. The plaintiff contends the defendants' alleged use of those words in connection with the defendants' [*insert the action complained of*] infringes plaintiff's trademark and is likely to cause confusion about the origin of services associated with that trademark.

### Spectrum of Marks

Trademark law provides great protection to distinctive or strong trademarks. Conversely, trademarks not as distinctive or strong are called "weak" trademarks and receive less protection from infringing uses. Trademarks that are not distinctive are not entitled to any trademark protection. For deciding trademark protectability, trademarks are grouped into four categories according to their relative strength. These four categories are, in order of strength: arbitrary, suggestive, descriptive and generic names.

**Arbitrary Marks.** The first category is "inherently distinctive" trademarks. They are considered strong trademarks and are clearly protectable. They involve the arbitrary, fanciful or fictitious use of a word or phrase to designate the source of a service. Such a trademark is a word that in no way describes or has any relevance to the particular service it is meant to identify. It may be a common word used in an unfamiliar way. It may be a newly created (coined) word or parts of common words that are applied in a fanciful, fictitious or unfamiliar way, solely to function as a trademark.

For instance, the common word "apple" became a strong and inherently distinctive trademark when used by a company to identify the personal computers that company sold. The company's use of the word "apple" was arbitrary or fanciful because "apple" did not describe and was not related to what the computer was, its components, ingredients, quality, or characteristics. "Apple" was being used in an arbitrary way to designate for consumers that the computer comes from a particular manufacturer or source.

**Suggestive Marks.** The next category is suggestive marks. These trademarks are also inherently distinctive but are considered weaker than arbitrary trademarks. Unlike arbitrary trademarks, which are in no way related to what the service is or its components, quality, or characteristics, suggestive trademarks suggest some characteristic or quality of the service to which they are attached. If the consumer must use imagination or any type of multi-stage reasoning to understand the trademark's significance, then the trademark does not describe the product's

features, but suggests them.

A suggestive use of a word involves consumers associating the qualities the word suggests to the service to which the word is attached. For example, when "apple" is used not to indicate a certain company's computers, but rather "Apple–A–Day" Vitamins, it is being used as a suggestive trademark. "Apple" does not describe what the vitamins are. However, consumers may come to associate the healthfulness of "an apple a day keeping the doctor away" with the supposed benefits of taking "Apple–A–Day" Vitamins.

**Descriptive Marks.** The third category is descriptive trademarks. These marks directly identify or describe some aspect, characteristic, or quality of the service to which they are affixed in a straightforward way that requires no exercise of imagination to be understood.

For instance, the word "apple" is descriptive when used in the trademark "CranApple" to designate a cranberry-apple juice. It directly describes ingredients of the juice. Other common types of descriptive trademarks identify where a service comes from, or the name of the person who makes or sells the service. Thus, the words "Apple Valley Juice" affixed to cider from the California town of Apple Valley is a descriptive trademark because it geographically describes where the cider comes from.

**Generic Names.** The fourth category is entitled to no protection at all. They are called generic names and they refer to a general name of the service, as opposed to the plaintiff's brand for that service. Generic names are part of our common language that we need to identify all such similar services. A generic name is a name for the service on which it appears.

If the primary significance of the alleged mark is to name the type of service rather than the provider, the term is a generic name and cannot be a valid trademark. If the majority of consumers would understand the term to name the type of service rather than the provider, the primary significance of the term is generic and not entitled to protection as a trademark.

Clearly, the word apple can be used as a generic name and not be entitled to any trademark protection. This occurs when the word is used to identify the fruit from any apple tree.

The computer maker who uses the word "apple" as a trademark to identify its personal computer, or the vitamin maker who uses that word as a trademark on vitamins, has no claim for trademark infringement against the grocer who used that same word to indicate the fruit sold in a store. As used by the grocer, the word is generic and does not indicate any particular source of the product. As applied to the fruit, "apple" is simply a commonly used name for what is being sold.

**Secondary Meaning and Mark Strength**

If you determine a trademark is weak—that is, suggestive or descriptive, you must consider the recognition that the mark has among prospective consumers. This market recognition is called the trademark's "secondary meaning."

A word or symbol acquires a secondary meaning when it has been used in such a way that its primary significance in the minds of the prospective consumers is not the product itself, but the identification of the product with a single source, regardless of whether consumers know who or what that source is. You must find that the preponderance of the evidence shows that a significant number of the consuming public associates [*insert Plaintiffs' mark*] with a single source, in order to find that it has acquired secondary meaning.

When you are determining whether [*describe symbol or term*] has acquired a secondary meaning, consider the following factors:

1. Consumer Perception. Whether the people who purchase the service that bears the claimed trademark associate the trademark with the owner;

2. Advertisement. To what degree and in what manner the owner may have advertised under the claimed trademark;

3. Demonstrated Utility. Whether the owner successfully used this trademark to increase the sales of its service;

4. Extent of Use. The length of time and manner in which the owner used the claimed trademark;

5. Exclusivity. Whether the owner's use of the claimed trademark was exclusive;

6. Copying. Whether the defendant intentionally copied the owner's trademark; and,

7. Actual Confusion. Whether the defendant's alleged use of the plaintiff's trademark has led to actual confusion among a significant number of consumers.

The presence or absence of any particular factor should not necessarily resolve whether [*insert Plaintiffs'* mark] has acquired secondary meaning.

Descriptive marks are protectable only to the extent you find they acquired distinctiveness through secondary meaning by the public coming to associate the mark with the owner of the mark. Descriptive marks are entitled to protection only as broad as the secondary meaning they have acquired, if any. If they have acquired no secondary meaning, they are entitled to no protection and cannot be considered a valid mark.

The plaintiff has the burden of proving that the [*insert Plaintiffs' mark*] has acquired a secondary meaning. The defendant has the burden of proving that the [*insert Plaintiffs' mark*] lacks a secondary meaning.

The mere fact that the plaintiff is using [*insert Plaintiffs' mark*], or that the plaintiff began

using it before the defendant, does not mean that the trademark has acquired secondary meaning. There is no particular length of time that a trademark must be used before it acquires a secondary meaning.

If a suggestive trademark has such secondary meaning, it becomes stronger.  If it has developed no secondary meaning, it remains a weak trademark.

AUTHORITY:
U.S. Ninth Circuit Pattern Jury Instructions §15.10 and 15.17 (2006).


Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.


_____
**UNITED STATES DISTRICT JUDGE**

INSTRUCTION NO. 2 (Nominative Fair Use):

The owner of a trademark cannot exclude others from making a nominative fair use of that trademark. A defendant makes nominative fair use of a mark when the defendant uses it as other than a trademark, to accurately describe or identify the plaintiff's goods or services.

The defendant contends that it did not infringe the trademark because the alleged infringement was a nominative fair use of the trademark to describe or identify the plaintiff's product or service, even if the defendant's ultimate goal was to describe its own product. The defendant has the burden of proving its nominative fair use of the mark by a preponderance of the evidence.

A defendant makes nominative fair use of a trademark when the defendant:

1.      Uses the mark in connection with the plaintiff's service, which was not readily identifiable without use of that mark;

2.      Used only so much of the mark as was reasonably necessary to identify the service in question; and

3.      Did not do anything that would in connection with the trademark suggest sponsorship or endorsement of the defendant's product or service by the plaintiff. A product is not readily identifiable without use of the trademark when there are no equally informative words describing the product.

A product cannot be effectively identified without use of its trademark when there would be no other effective way to compare, criticize, refer to or identify it without using the trademark.

A reasonably necessary use of a trademark occurs when no more of the mark's appearance is used than is necessary to identify the product and make the reference intelligible to the consumer. For example, if a particular word is the plaintiff's trademark, the defendant reasonably uses it when the defendant does not use any distinctive color, logo, abbreviation, or graphic that the plaintiff uses to display the trademark than is necessary to identify the product.

You may consider whether the defendant did anything that would, in conjunction with the trademark suggest sponsorship or endorsement by the plaintiff. A use of the plaintiff's trademark does not suggest sponsorship or endorsement of the defendant's product when the defendant does not attempt to deceive, or mislead, or capitalize on consumer confusion, or when the defendant appropriates the cachet of the plaintiff's product for the defendant's. A defendant's use of the plaintiff's trademark to describe the plaintiff's product may not necessarily suggest plaintiff's sponsorship or endorsement, even if the defendant's ultimate goal is to describe the defendant's own product.

The fact that the defendant's use of the trademark may bring the defendant a profit or help in competing with the mark owner does not mean the use was not a fair use.

<u>AUTHORITY:</u>
U.S. Ninth Circuit Pattern Jury Instructions §15.23 (2006).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

QUESTION NO. 1:

> Was the Defendants' use of Plaintiffs' mark a nominative fair use?
>
> Answer "Yes" or "No."
>
> Answer: _____

AUTHORITY:
> U.S. Ninth Circuit Pattern Jury Instructions §15.23 (2006).

> Accepted: _____
> Refused: _____
> Accepted as modified above: _____
>
> Signed this ____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

QUESTION NO. 2 (Defamation):

Did the Defendants publish the following [insert each of the alleged defamatory statements]?

"Publish" means intentionally or negligently to communicate the matter to a person other than Plaintiffs who is capable of understanding its meaning.

Answer "Yes" or "No" for each of the following:

Breitling Oil and Gas:_____

Christopher Faulkner:_____

Parker Hallum:_____

Dustin Rodriquez:_____


AUTHORITY:
Texas Pattern Jury Charges §110.2 (2012).


Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.


_____
**UNITED STATES DISTRICT JUDGE**

QUESTION NO. 3 (Defamation):

Were the following statements defamatory concerning Timothy Roberts [insert each of the alleged defamatory statements]?

"Defamatory" means an ordinary person would interpret the statement in a way that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach the person's honesty, integrity, virtue, or reputation.

In deciding whether a statement is defamatory, you must construe the statement as a whole and in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive it.

Answer "Yes" or "No" for each statement:

_____

AUTHORITY:
Texas Pattern Jury Charges §110.3 (2012).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

QUESTION NO. 4 (Substantial Truth):

Was the following statement [insert alleged defamatory statements] substantially true at the time it was made as it related to Timothy Roberts?

A statement is "substantially true" if it varies from the literal truth in only minor details or if, in the mind of the average person, the gist of it is no more damaging to the person affected by it than a literally true statement would have been.

Answer "Yes" or "No" for each of the following:

_____

AUTHORITY:
Texas Pattern Jury Charges §110.8 (2012).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

QUESTION NO. 5 (Parody):

     Would the following statement [insert alleged defamatory statements], in context and as a whole, be reasonably understood by a person of ordinary intelligence as stating as actual fact that Timothy Roberts [insert alleged defamatory fact]?

     Answer "Yes" or "No" for each of the following:

_____

AUTHORITY:
     Texas Pattern Jury Charges §110.12 (2012).

     Accepted: _____
     Refused: _____
     Accepted as modified above: _____

     Signed this ____ day of January, 2015.

                         _____
                         **UNITED STATES DISTRICT JUDGE**

If you answered "Yes" to Question _____ [110.12], then answer the following question. Otherwise, do not answer the following question.

QUESTION NO. 6 (Negligence/Parody):

Did the Defendants know or should they have known, in the exercise of ordinary care, that the statements contained in Question _____ [110.12] would be reasonably understood by a person of ordinary intelligence as stating actual fact and that the [insert alleged defamatory fact] had the potential to be defamatory?

Answer "Yes" or "No" for each of the following:

_____

AUTHORITY:
Texas Pattern Jury Charges §110.13 (2012).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

QUESTION NO. 7 (Mitigation):

Do not include in your answer any amount that you find Plaintiffs could have avoided by the exercise of reasonable care.


AUTHORITY:
Texas Pattern Jury Charges 115.8 (2012).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.


_____

**UNITED STATES DISTRICT JUDGE**

QUESTION NO. 8 (Waiver):

Waiver is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.

Did the Plaintiffs waive their complaints against the Defendants by the acts or conduct?

Answer "Yes" or "No."

T&E Investments Group, LLC d/b/a Roberts Investment Group:_____

Timothy Roberts:_____

AUTHORITY:
Texas Pattern Jury Charges 101.24 (2012).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

QUESTION NO. 9 (Qualified Privilege):

Were Defendants' privileged to make the alleged statements complained of by Plaintiffs?

A "qualified privilege" to make a statement exists when the person making the statement makes it in good faith on a subject matter in which the speaker has a common interest with the other person, or with reference to which the speaker has a duty to communicate to the other. The party seeking to use the privilege has the burden to plead and prove its applicability. *See id.* "Communications given voluntarily, rather than in response to a request for information, are privileged 'if the relationship between the parties is such that it is within generally accepted standards of decent conduct to furnish the information for the protection of the interest of the recipient.'"

Answer "Yes" or "No."

_____

AUTHORITY:

 *Saudi v. Brieven*, 176 S.W.3d 108, 118 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Pioneer Concrete of Tex., Inc. v. Allen*, 858 S.W.2d 47, 50 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (quoting *Kaplan v. Goodfried*, 497 S.W.2d 101, 105-06 (Tex. Civ. App.—Dallas 1973, no writ)).

 Accepted: _____
 Refused: _____
 Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

QUESTION NO. 10 (Proportionate Responsibility):

Assign percentages of responsibility only to those you found caused or contributed to cause the Plaintiffs' damages. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

For each party you found caused or contributed to cause the Plaintiffs' damages, find the percentage of responsibility attributable to each:

T & E Investment Group, LLC d/b/a Roberts Investment Group:_____

Timothy Roberts:_____

Christopher Faulkner:_____

Parker Hallum:_____

Dustin Rodriquez:_____

AUTHORITY:
Texas Pattern Jury Charge 4.3 (2012)

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

QUESTION NO. 11 (Scope of Employment):

On the occasions in question, were the following persons acting in the scope of his employment with Breitling Oil and Gas Corporation?

An employee is acting in the scope of his employment if he is acting in the furtherance of the business of his employer.

Answer "Yes" or "No" for each of the following:

Christopher Faulkner:_____

Parker Hallum:_____

Dustin Rodriquez:_____

AUTHORITY:
Texas Pattern Jury Charge 10.6 (2006)

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

QUESTION NO. 12 (First Amendment):

Was Defendants' alleged use of Plaintiffs' mark used to communicate ideas or express a point of view in a non-commercial use?

A mark is used in a non-commercial use when it does not identify or promote actual goods or services for sale.

Answer "Yes" or "No."

_____

AUTHORITY:
   *L.L. Bean Inc. v. Drake Publishers Inc.*, 811 F.2d 26 (1st Cir.), appeal dismissed, 107 S.Ct. 3254 (1987).

   Accepted: _____
   Refused: _____
   Accepted as modified above: _____

Signed this _____ day of January, 2015.

                                        _____
                                        **UNITED STATES DISTRICT JUDGE**

QUESTION NO. 13 (Unclean Hands):

Have Plaintiffs acted with unclean hands?

A party has "unclean hands" when it has injured another by acting unfairly, unconscionably, or in bad faith in its conduct relating to the claims for which it comes to the Court for relief. A party may not seek equitable relief when it comes before the Court with unclean hands or if its own wrong acts are substantial when the other party's are insignificant.

Answer "Yes" or "No."

_____

AUTHORITY:

*Moulton v. Alamo Ambulance Srvc, Inc.,* 414 S.W.2d 444, 449 (Tex. 1967); *Bio-Psychiatric-Toxicology Lab., Inc. v. Radcliff & West,* 54 Cal.App4th 588, 62 Cal. Rptr. 2d 883, 863 (1997); *Kinetic Concepts, Inc., v. Bluesky Medical Corp.,,* 2006 WL 3825816, Case No. SA-03-CA-0832 (W.D. Tex., July 14, 2006).

Accepted: _____
Refused: _____
Accepted as modified above: _____

Signed this _____ day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

QUESTION NO. 14 (Justifiation):

    Do you find that the actions of Defendants were justified?

    Defendants allege that their actions were justified with respect to Plaintiffs given the circumstances of this case.  A party may negate liability on the grounds that its conduct was privileged or justified.  A justification defense can be based on the exercise of either (1) one's own legal rights or (2) a good faith claim to a colorable legal right, even though that claim ultimately proves to be mistaken

    Answer "Yes" or "No."

    _____

AUTHORITY:

    *Prudential Ins. Co. of Am. V. Financial Review Servs., Inc.*, 29 S.W.3d 74, 78-80 (Tex. 2000).

    Accepted: _____
    Refused: _____
    Accepted as modified above: _____

    Signed this _____ day of January, 2015.

                                  _____
                                  **UNITED STATES DISTRICT JUDGE**

Respectfully submitted,


By:  /s/ Ryan K. Lurich
           **Lawrence J. Friedman**
           Texas Bar No. 07469300
           lfriedman@fflawoffice.com
           **Ryan K. Lurich**
           Texas Bar No. 24013070
           rlurich@fflawoffice.com
           **R. Brian Shields**
           Texas Bar No. 24056310
           bshields@fflawoffice.com

**FRIEDMAN & FEIGER, L.L.P.**
5301 Spring Valley Road, Suite 200
Dallas, Texas 75240
(972) 788-1400 (Telephone)
(972) 776-5313 (Telecopier)

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

    I hereby certify that on February 6, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

    Mark A. Hendrix, Esq.
    Krage & Janvey, L.L.P.
    2100 Ross Avenue, Suite 2600
    Dallas, Texas 75201
    (214) 397-1914 (Telephone)
    (214) 220-0230 (Telecopier)


              /s/ Ryan K. Lurich

#543507