IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| T & E INVESTMENT GROUP, LLC, d/b/a ROBERTS INVESTMENT GROUP and TIMOTHY ROBERTS, <br><br> Plaintiffs, <br> v. <br><br> CHRISTOPHER FAULKNER, BREITLING OIL AND GAS CORPORATION, PARKER HALLAM And DUSTIN RODRIGUEZ a/k/a MICHAEL MILLER, <br><br> Defendants. | § § § § § § § § § § § § § § § § | No. 3:11-cv-724-P |

## **ORDER**

Now before the Court is Defendants' Motion for Summary Judgment, filed on September 8, 2014. Doc. 125. Plaintiffs filed their response on September 29, 2014. Doc. 135. Defendants replied on October 13, 2014. Doc. 139.

After reviewing the parties' briefing, the evidence, and the applicable law, the Court GRANTS in part and DENIES in part Defendants' Motion for Summary Judgment.

### I.  Background

This case involves alleged defamation. Since 2005, Plaintiffs operated an investment company using the trade name "Roberts Investment Group," and corresponding logo. Doc. 2 at 2. In 2009, Defendant Faulkner and others formed a competing company, named "Breitling Oil and Gas." *Id.* at 3. The main facts leading to this suit, however, were not discovered until 2010. At some time before June 1, 2010, Defendants allegedly began a campaign to defame Plaintiffs. *Id.* For example, Plaintiffs claim Defendants acquired approximately 20 websites using variations of Plaintiffs' trade name, used Plaintiffs' logo on the sites, and then published false information on

the sites, urging investors to beware of Plaintiffs and calling Plaintiffs crooks. *Id.* According to Plaintiffs, at one point public search engine queries of "Roberts," "Tim Roberts," "Roberts Oil and Gas," and the like would return lists containing the slander sights as the first results, above real information about Plaintiffs. *Id.* at 3. Defendants also allegedly created "wanted" posters from a fictitious entity called the "Oil and Gas Fraud Association," which included a picture of Plaintiff Roberts and his wife and accused Plaintiffs of defrauding investors. *Id.* at 4. These posters were faxed to a number of Plaintiff Roberts' personal and professional contacts, including his church and former clients. *Id.*

Based on these allegations, Plaintiffs filed this suit, claiming trademark infringement and dilution, cybersquatting, unfair competition, libel, statutory libel, and business disparagement. Doc. 2. Now, Defendants move for summary judgment on grounds that Plaintiffs cannot prove damages because Plaintiffs' relevant evidence should be excluded. Doc. 127.

**II.    Motion for Summary Judgment**

   **a. Legal Standard**

Under Federal Rule of Civil Procedure 56, courts "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial and of identifying those portions of the record that demonstrate such absence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, all evidence and reasonable inferences to be drawn therefrom must be

viewed in the light most favorable to the party opposing the motion. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The party defending against the motion for summary judgment cannot defeat the motion unless he provides specific facts demonstrating a genuine issue of material fact such that a reasonable jury might return a verdict in his favor. *Liberty Lobby*, 477 U.S. at 247-48. Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment. *See id.* at 249-50. In other words, conclusory statements, speculation, and unsubstantiated assertions will not suffice to defeat a motion for summary judgment. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc); *see also Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 619 (5th Cir. 1993) ("[U]nsubstantiated assertions are not competent summary judgment evidence." (citing *Celotex*, 477 U.S. at 324)). Furthermore, a court has no duty to search the record for evidence of genuine issues. Fed. R. Civ. P. 56(c)(1) & (3); s*ee Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). It is the role of the fact finder, however, to weigh conflicting evidence and make credibility determinations. *Liberty Lobby*, 477 U.S. at 255.

### b. Discussion

Defendants argue that Plaintiffs have failed to bring sufficient evidence of damages to support their claims. Doc. 127.

### i. Plaintiffs' Lanham Act Claims

First, Plaintiffs' Lanham Act claims for trademark infringement and cybersquatting survive Defendants' challenge. Under 15 U.S.C. § 1117(c), "the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages." *See* 15 U.S.C. § 1117(d) (using nearly identical language for cybersquatting recovery). Because the statute gives Defendants notice of Plaintiffs' ability to elect to recover statutory damages at any time before final judgment is rendered, the Court will not bar Plaintiffs from seeking statutory damages based on their failure to disclose the availability of statutory damages through discovery. *See* Doc. 127 at 14.

Next, Defendants seek a determination of the number of domain names that qualify for statutory damages.[1] Doc. 127 at 15. Plaintiffs fail to address this argument and have offered no summary judgment evidence establishing the total number of counterfeit marks. *See* Doc. 135. In Plaintiffs' previous filings and Timothy Roberts's affidavit, Plaintiffs have alleged that Defendants "acquired approximately 20 websites," but only cite only two alleged domain names. *See* Doc. 2; 135; 136-1. However, during the pretrial conference, Plaintiffs informed the Court that they provided Defendants with their experts' reports showing eight disputed domain names. Defendants admitted that they received these reports. While Plaintiffs will need to bring evidence establishing the number of counterfeit marks to support statutory damages, Plaintiffs have put Defendants on notice of these eight accused domain names. Therefore, Plaintiffs' Lanham Act claims are limited to the eight disclosed domain names.

---

[1] Defendants also argue in their reply that Plaintiffs should be barred from presenting evidence at trial of the "wanted" posters because "Plaintiff did not attempt to prove the number of faxed fake 'wanted' posters." Doc. 139 at 21. However, Defendants' original motion did not contest the evidence of the wanted posters, only the number of domain names. *See* Doc. 127 at 15. Because of this, Plaintiffs had no reason to bring evidence of the posters.

### ii. Plaintiffs' Common Law Claims

Plaintiffs do not dispute that, in order to recover under their remaining claims, Plaintiffs must bring proof of damages. *See* Doc. 135. However, Plaintiffs have not designated an expert witness to testify regarding damages. Instead, Plaintiffs rely on the affidavit of Timothy Roberts, and their claim that, "Defendants have been provided the amount of damages claimed and the persons who have relevant knowledge of these issues." Doc. 135 at 20.

"Under Texas law, neither the fact and amount of damages alleged can be speculative; both must be established with 'reasonable certainty.' A plaintiff's failure to show either acts as a bar to recovery." *Roehrs v. Conesys*, 332 F. App'x 184, 186 (5th Cir. 2009) (citing *Burkhart Grob Luft Und Raumfahrt GmbH & Co. KG v. E–Sys., Inc.*, 257 F.3d 461, 467 (5th Cir. 2001)). Assuming that Plaintiffs' evidence establishes their harm, Plaintiffs must still prove the amount of their damages with reasonable certainty. *Id.* When showing lost profits, "at a minimum, opinions or estimates of lost profits must be based on objective facts, figures, or data from which the amount of lost profits can be ascertained." *Holt Atherton Indus. Inc. v. Heine,* 835 S.W.2d 80, 84 (Tex.1992).

### 1. Plaintiffs' Libel Claims

As a preliminary matter, Plaintiffs fail to argue that their libel claims are entitled to presumed damages. However, under Texas law, where a party alleges defamation per se, "the jury may presume general damages, including for loss of reputation and mental anguish." *Hancock v. Variyam*, 400 S.W.3d 59, 63-64 (Tex. 2013). A statement constitutes defamation per se if it "injures a person in [his] office, profession, or occupation." *Id.* This case unquestioningly involves allegations of libel injuring Plaintiffs' office, profession, or occupation. Accordingly, if

Plaintiffs successfully prove liability, general damages are presumed. Therefore, Defendants' challenge to Plaintiffs' damages has no effect on the viability of Plaintiffs' libel claims.

### 2. Plaintiffs' Actual Damages

To support an amount of actual damages or a method for determining the amount, Plaintiffs rely solely on Timothy Roberts's affidavit, which states, "[a]s to the damages, we have provided information to Defendants which have suffered in [sic] over $3,000,000.00 in actual damages and given them the names of the customers because [sic] we believe we have lost as a result of their actions." Doc. 136-1 at 3. Assuming Timothy Roberts, as president of Roberts Investment Group, is qualified to testify regarding Plaintiffs' actual harm, his testimony is conclusory. Plaintiffs' response also fails to bring evidence of the facts, figures, or data upon which Timothy Roberts' opinion is based. However, at the pretrial conference, Plaintiffs claimed that they included their method of calculating damages in a trial exhibit offered to the Court and Defendants. Defendants responded by pointing out that the methods were not offered as summary judgment evidence. At this time, the Court is primarily concerned whether Plaintiffs' method for calculating damages would cause any unfair surprise to Defendants. However, Defendants admitted to receiving Plaintiffs' damages report. This report breaks down Plaintiffs' reputation and rebranding damages. PTX 46. It also provides a list of prospective investors who indicated that they would not invest with Plaintiffs due to negative web information. *Id.* This constitutes sufficient evidence of Plaintiffs' actual damages to survive summary judgment.

Therefore, Plaintiffs' common law claims remain. The Court will determine Defendants' evidentiary objections at the motion in limine phase. *See* Doc. 127 at 14 n. 23.

### 3. Proof of Disgorgement

However, Plaintiffs may not seek disgorgement. While some of Plaintiffs' causes of action allow recovery of Defendants' profits, the record lacks evidence to support such recovery. In the context of their trademark infringement claim, Plaintiffs argued that they are entitled to recover Defendants' profits based on their offered evidence establishing,

> (1) Defendants intent to mislead and divert Plaintiffs' customers to website; (2) actual confusion in the marketplace and a likelihood of confusion that continues to exist due to Defendants' ongoing redirection efforts and metatag use; (3) the Defendants' intentional destruction or negligence in preserving the best evidence of damages and actual confusion; and (4) the Defendants' purposeful deprivation to Plaintiffs of the economic benefits associated with Plaintiffs' rights in its trade names and trademarks and the Defendants' admitted intention was to lock down the Plaintiffs' name.

Doc. 135 at 13. Even assuming the evidence relied on is conclusive, it does not establish a way to determine damages.

Defendants' intent to mislead only makes certain damages recoverable; evidence of this intent does not indicate any amount to be recovered. The same applies to evidence of confusion in the marketplace and purposeful deprivation of Plaintiffs' rights in its trademarks. While Defendants' intentional destruction of evidence could potentially relate to Plaintiffs' failure to bring evidence of how to calculate damages, Plaintiffs do not claim that the unpreserved evidence has impaired their ability to support a calculation of damages. *See* Doc. 135 at 13.

Ultimately, Plaintiffs offer no way for the jury to calculate the alleged damages. In arguing that Plaintiffs are entitled to Defendants' profits, Plaintiffs emphasize that Defendants bear the burden of proving the costs or deductions that Plaintiffs may not recover as damages. *See* Doc. 135 at 15. However, Plaintiffs' argument ignores their own burden to first prove Defendants' gross profits. *See* Doc. 135 at 15-16; 18-19 (mentioning Plaintiffs' burden, but failing to offer any evidence to satisfy it); *see also* 15 U.S.C. 15 U.S.C. § 1117(a) ("In assessing profits the plaintiff

shall be required to prove defendant's sales . . . ."). Defendants' burden to apportion its profits does not arise until Plaintiffs have brought evidence of those gross profits. Here, Plaintiffs direct the Court to no evidence of Defendants' gross profits or any way to determine those gross profits. *See id.*

In sum, Plaintiffs have failed to satisfy their summary judgment burden to bring evidence establishing the amount of their damages with reasonable certainty. This failure "acts as a bar to recovery." *Roehrs*, 332 F. App'x at 186. Therefore, the Court grants summary judgment against Plaintiffs' claim for disgorgement damages.

### III. Conclusion

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' Motion for Summary Judgment. Plaintiffs may only seek statutory Lanham Act damages based on the eight disclosed domain names. Similarly, Plaintiffs are barred from pursuing disgorgement damages. All of Plaintiffs' remaining claims proceed.

**IT IS SO ORDERED.**

Signed this 20th day of February, 2015.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE