**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| T & E INVESTMENT GROUP, LLC, d/b/a § <br> ROBERTS INVESTMENT GROUP and § <br> TIMOTHY ROBERTS, § <br> § <br> **Plaintiffs,** § <br> § <br> vs. § <br> § <br> CHRISTOPHER FAULKNER, § <br> BREITLING OIL AND GAS § <br> CORPORATION, PARKER HALLAM, § <br> and DUSTIN RODRIGUEZ § <br> a/k/a MICHAEL MILLER, § <br> § <br> **Defendants.** § | No. 3:11-cv-0724-P <br> (consolidated with No. 3:11-cv-1558-P) |

## <u>DEFENDANTS' MOTION *IN LIMINE*</u>

**TO THE HONORABLE UNITED STATES JUDGE:**

**COME NOW**, Christopher Faulkner ("Faulkner"), Breitling Oil and Gas Corporation ("Breitling"), Parker Hallam ("Hallam"), and Dustin Rodriguez ("Rodriguez") (Faulkner, Breitling, Hallum and Rodriquez are collectively referred to as the "Defendants"), and submit this Motion *in Limine* as follows:

**I.**

Before the voir dire examination of the jury panel, and out of the presence and hearing of the jury panel, Defendants make this motion *in limine*. Defendants seek to exclude matters that are incompetent, irrelevant, or prejudicial to the material issues in this case. If Plaintiffs inject these matters into the trial of this case through comment, suggestion, attorney's arguments, or witness testimony, Plaintiffs will cause irreparable harm to Defendants' case, which no jury instruction would

cure. If any of these matters are directly or indirectly brought to the attention of the jury, Defendants would be compelled to move for a mistrial. In an effort to avoid prejudice and possible mistrial, Defendants urge this motion *in limine*.

## II.
## REQUEST FOR *LIMINE*

Defendants ask the Court, by entering the attached order, to prohibit Plaintiffs from commenting on, suggesting, arguing, or offering any evidence or testimony of the following matters without first asking for a ruling from the Court on the admissibility of the evidence, outside the presence of the jury.

1. Any evidence supporting an issue that was not contained in the Final Joint Pretrial Order. [Doc. 141]; *Life Care Centers, Inc. v. Charles Town Assocs.*, 79 F.3d 496, 507 (6th Cir. 1996).

2. Any mention that Defendants are or were involved in any other lawsuits, including but not limited to, the lawsuit Fusion and William Scott Court initiated that was consolidated with this action.

3. Any evidence by experts who were not identified as testifying experts in response to interrogatories or in Plaintiffs' pretrial disclosures and not designated by the time set forth in the pretrial order or local rule. Plaintiffs failed to disclose any damages expert or attorney's fees expert. Thus, Plaintiffs should be precluded from offering any evidence concerning damages that require expert testimony to prove or as to amounts sought as reasonable and necessary attorney's fees. *Coastal Fuels of Puerto Rico, Inc. v. Caribbean Pet. Corp.*, 79 F.3d 182, 202 (1st Cir. 1996); *Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 738–41 (3rd Cir. 1994); *Alldread v. City of Grenada*, 988 F.2d 1425, 1435–36 (5th Cir. 1993).

4. Plaintiffs should not be permitted to discuss damages or refer to Plaintiffs' Exhibit 46 because Plaintiffs failed to disclose their damages, failed to respond to proper discovery requesting such information and failed to produce any underlying documents supporting Plaintiffs' Exhibit 46. Moreover, Plaintiffs' Exhibit 46 itself was untimely produced on October 17, 2014, over 60 days after the deadline for completion of discovery. Accordingly, it would be highly prejudicial to Defendants to allow Plaintiffs to present evidence of damages that Plaintiffs failed to disclose and prevented Defendants from being able to test the accuracy of because Plaintiffs failed and refused to produce it during the discovery period. Had Plaintiffs' timely disclosed their damages and produced the documents evidencing their damages and the documents supporting the calculation of their damages, Defendants would have hired a damages expert to refute and rebut the testimony. But, because Plaintiffs failed to comply with the rules for discovery, Defendants were unable to hire a damages expert.

5. Plaintiffs should not be permitted to mention that they incurred attorney's fees or offer any evidence of the attorney's fees incurred because Plaintiffs did not produce copies of Krage & Janvey, LLP's billing invoices despite proper discovery requesting such information.

6. Any mention of injury or damages sustained by Dynamic Energy Partners as Plaintiffs did not plead any claims on behalf of Dynamic Energy Partners. In fact, "Dynamic Energy Partners" does not appear in Plaintiffs' Original Complaint or the Joint Pretrial Order. Moreover, Dynamic Energy Partners is not a registered assumed name of T & E Investment Group, LLC.

7. Any mention of injury or damages sustained by The Kingdom Resources as Plaintiffs did not plead any claims on behalf of The Kingdom Resources. In fact, "The Kingdom Resources" does not appear in Plaintiffs' Original Complaint or the Joint Pretrial Order.

8. Any mention of injury or damages sustained by DBC Operating Company, LLC as Plaintiffs did not plead any claims on behalf of DBC Operating Company, LLC. In fact, "DBC Operating Company, LLC" does not appear in Plaintiffs' Original Complaint or the Joint Pretrial Order. Moreover, DBC Operating Company, LLC is a Texas limited liability company. Thus, neither of the Plaintiffs have standing to assert claims belonging to DBC Operating Company, LLC.

9. Any mention of injury or damages sustained by Mid-Star Operating Company, LLC as Plaintiffs did not plead any claims on behalf of Mid-Star Operating Company, LLC. In fact, "Mid-Star Operating Company, LLC" does not appear in Plaintiffs' Original Complaint or the Joint Pretrial Order. Moreover, Mid-Star Operating Company, LLC is a Texas limited liability company. Thus, neither of the Plaintiffs have standing to assert claims belonging to Mid-Star Operating Company, LLC.

10. Any mention of any document that was not timely produced by Plaintiffs in discovery. In accordance with the Court's Scheduling Order [Doc 118], discovery closed on August 8, 2014. On October 17, 2014, Plaintiffs produced documents bates labeled T&E 000058 - T&E 001034. These documents were produced over 60 days after the deadline in the Court's Scheduling Order. Thus, Plaintiffs should be precluded from mentioning them or discussing the content of these untimely produced documents.

11. Plaintiffs should not be permitted to mention similar bad acts or that Defendants were accused of similar bad acts by Fusion or William Scott Court.

12. Plaintiffs should be precluded from eliciting testimony from Lance Fogarty beyond the scope of his engagement in this case as the Court's expert [Doc. 37]

**WHEREFORE PREMISES CONSIDERED**, Christopher Faulkner, Breitling Oil and Gas Corporation, Parker Hallam and Dustin Rodriguez respectfully pray the Court to instruct Plaintiffs and their counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court outside the presence and hearing of the jury, and further instruct Plaintiffs and their counsel to warn and caution each of their witnesses to follow the same instructions.

Respectfully submitted,

By: /s/ Ryan K. Lurich
**Lawrence J. Friedman**
Texas Bar No. 07469300
lfriedman@fflawoffice.com
**Ryan K. Lurich**
Texas Bar No. 24013070
rlurich@fflawoffice.com
**R. Brian Shields**
Texas Bar No. 24056310
bshields@fflawoffice.com

**FRIEDMAN & FEIGER, L.L.P.**
5301 Spring Valley Road, Suite 200
Dallas, Texas 75240
(972) 788-1400 (Telephone)
(972) 776-5313 (Telecopier)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Mark A. Hendrix, Esq.
Krage & Janvey, L.L.P.
2100 Ross Avenue, Suite 2600
Dallas, Texas 75201
(214) 397-1914 (Telephone)
(214) 220-0230 (Telecopier)

      /s/ Ryan K. Lurich
      Ryan K. Lurich

#686879