

✓ P
ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 8 2011

**CLERK, U.S. DISTRICT COURT**
By _____ NT
　　　Deputy

| | | |
|---|---|---|
| T & E INVESTMENT GROUP, LLC<br>d/b/a ROBERTS INVESTMENT GROUP<br>and TIMOTHY ROBERTS, | §<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | CIVIL ACTION NO. |
| V. | §<br>§ | _____ |
| CHRISTOPHER FAULKNER,<br>BREITLING OIL AND GAS<br>CORPORATION, PARKER HALLAM<br>and DUSTIN RODRIGUEZ a/k/a<br>MICHAEL MILLER, | §<br>§<br>§<br>§<br>§<br>§ | **3-11CV0724-P**<br><br>**COMPLAINT** |
| Defendants. | §<br>§ | |

For cause of action, plaintiffs allege:

1.  Plaintiff T & E Investment Group, LLC d/b/a Roberts Investment Group ("Roberts Investment Group") is a limited liability company organized and existing pursuant to the laws of the State of Texas which maintains its office and principal place of business in Midlothian, Texas within the Dallas Division of the Northern District of Texas.

2.  Plaintiff Timothy Roberts ("Roberts") is an individual resident of Ellis County, Texas.

3.  Defendant Christopher Faulkner ("Faulkner") is an individual resident of the Northern District of Texas who maintains his office and principal place of business in Dallas County, Texas. Faulkner may be served with process at the premises of Breitling Oil and Gas Corporation, 2300 Valley View Lane, #334, Irving, Texas 75062.

4.  Breitling Oil and Gas Corporation ("Breitling") is a corporation organized and existing pursuant to the laws of the State of Texas which maintains its principal place of

business in Dallas County, Texas. Breitling may be served by serving its registered agent, Christopher Faulkner, at 2300 Valley View Lane, #334, Irving, Texas 75062.

5. Defendant Parker Hallam ("Hallam") is an individual resident of the State of Texas and may be served at his place of business, Breitling Oil and Gas Corporation, 2300 Valley View Lane, #334, Irving, Texas 75062.

6. Defendant Dustin Rodriguez a/k/a Michael Miller ("Rodriquez") is an individual resident of the State of Texas who may be served with process at his place of business, Breitling Oil and Gas Corporation, 2300 Valley View Lane, #334, Irving, Texas 75062.

7. This action arises under a federal statute specifically 15 U.S.C. §§ 1051, *et seq*. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and under 15 U.S.C. § 1121. The Court has jurisdiction over the Texas state law claims under principles of pendent and ancillary jurisdiction.

8. Upon information and belief, each of the individual defendants resides in the Northern District of Texas; all or a substantial part of the events pleaded hereinafter that give rise to the claims stated in this complaint occurred in the Dallas Division of the Northern District of Texas.

9. Roberts Investment Group is and has been since 2005 in the business of soliciting investments in oil and gas drilling operations by acquiring leases and selling undivided working interests to accredited investors. Hallam and Rodriguez are former employees of Roberts Investment Group.

10. Roberts Investment Group was formed by Timothy Roberts and his wife in Texas in 2005 and since that time has continuously used the trade name "Roberts Investment Group". Roberts Investment Group maintains and uses a logo "R [symbol of drilling rig] G" underneath which is spelled out "Roberts Investment Group". Roberts Investment Group has used this logo and used its trade name on letterhead and other publications and

advertisements continuously since 2005. No other person or company in Texas has used said name or logo prior to the use by plaintiffs.

11.　　On or about October 2, 2009, Hallam and Rodriguez quit their employment with Roberts Investment Group. Prior to resigning from Robert's company, they combined with Faulkner to form Breitling on or about September 28, 2009. Breitling is a competitor of Roberts Investment Group in the same general business enterprise. Faulkner, Hallam and Rodriguez are officers and directors of Breitling; their conduct and activities complained of herein were committed for the benefit of Breitling, to gain an unfair competitive advantage to plaintiffs' business.

12.　　Sometime prior to June 1, 2010, Faulkner, personally or through his wife, acquired approximately 20 websites using variations of Roberts Investment Group and Timothy Roberts as the domain names. Two of the websites are named "RobertsInvestmentGroupInfo.com" and "TimRobertsOil&Gas.com". Using these internet domain sites, Faulkner acting on behalf of Breitling, and with the assistance and aid of Hallam and Rodriguez, began publishing defamatory, false and malicious information regarding Roberts and the business enterprise of Roberts Investment Group on the internet. The URLs were so situated such that if a member of the public used a search engine such as Google or Yahoo to search for the name Roberts, Tim Roberts, Roberts Oil and Gas, or Roberts Investment, the URLs acquired by Faulkner and Breitling would be the first few that would be published by the search engine. The information contained on the URLs typically began by using the stolen logo of Roberts Investment Group identified hereinabove and indicated, at first blush, that the information being published was from Roberts Investment Group. The information is false, malicious and defamatory and ends with the following phrase "**DO NOT INVEST WITH ROBERTS INVESTMENT GROUP, TIM ROBERTS OR ELISA ROBERTS. THEY ARE CROOKS!!!**" and ends at the bottom of the page with the phrase "**INVESTORS BEWARE!!!!!!**". Other URL publications illegally planted by Faulkner begin with the Roberts Investment Group logo and

defame one of its employees, Brad Pratt, and defame the business enterprise of Roberts and his company. They likewise end with **"INVESTORS BEWARE!!!!!!!!!!!!!!!!!"**.

13. Faulkner attempted to disguise the author of the information on some of these pirated URLs by identifying the author as "Nathan Vaughn", a lawyer in the State of Ohio. [Mr. Vaughan's name is correctly spelled with two "a"s.] Mr. Vaughan had represented a plaintiff against Roberts Investment Group in an earlier lawsuit and had obtained a default judgment against the company in 2008. Mr. Vaughan, however, had nothing to do with the publication of the defamatory products actually authored by Faulkner for the benefit of Breitling with the aid of Hallam and Rodriguez. Faulkner attempted to disguise his true identity but information embedded in the URLs identify him as the actual owner and author.

14. In addition, on information and belief, Faulkner, aided by Hallam and Rodriguez, faxed false and defamatory fake "wanted" posters for Roberts and his wife Elisa in February 2011 indicating they were from a fictitious entity called "Oil and Gas Fraud Association" but which was really a pseudonym for Faulkner and/or the other individual defendants. These faxes were sent to Roberts' church and bank and many other recipients who knew Roberts, including out-of-state companies that had done business with plaintiffs. The fax information was false, defamatory and malicious and sought to defame Roberts and Roberts Investment Group and its business enterprise. The fax was printed as if it were some form of "wanted" poster and began with **"WANTED"**. The fax read "Oil and Gas Investor Fraud, Timothy and Elisa Roberts, Roberts Investment Group, DBC Operating [another d/b/a of T & E Investment Group, LLC] (Midlothian, TX)", then contained a picture of Mr. Roberts and his wife and continued with the defamatory statement "Tim and Elisa Roberts have defrauded oil and gas investors out of millions of dollars and paid little to no return". The poster continued: **"REWARD AVAILABLE – STOP THE FRAUD NOW!"**

The information in these facsimile transmissions was wholly false, defamatory, malicious and actionable.

15.     Plaintiffs have suffered actual and special damages as a result of defendants' conduct.

## COUNT ONE

### (Trademark and Trade Name Infringement
### and Dilution Under the Lanham Act)

16.     Defendants were well aware of Roberts' use and ownership of the trade names and trademarks relating to Roberts Investment Group before usurping the same names and marks for the dissemination of defamatory, malicious and false information regarding Roberts and the business enterprise of Roberts Investment Group.  Defendants intended to besmirch Roberts' favorable reputation and goodwill to divert sales and trade from Roberts and Roberts Investment Group.

17.     Defendants' use of Roberts Investment Group's distinctive trade name and trademark in connection with their malicious and defamatory conduct was unauthorized and is likely to cause confusion or cause mistake as to the actual sponsorship of the defamatory and libelous information posted on defendants' internet domain sites.  Defendants' conduct also caused dilution of Roberts' trade name and trademark.  Such conduct by defendants constitutes palming off, unfair competition and a violation of the Lanham Act, 15 U.S.C. § 1125(a).

18.     The injury caused to Roberts and Roberts Investment Group and its business enterprise is irreparable, continuing and the type of injury for which plaintiffs have no adequate remedy at law.

## COUNT TWO
### (Cybersquatting)

19.     Defendants, acting individually and on their own behalf and on behalf of Breitling, registered, trafficked in and used, and continue to use, the domain names identified above, all of which are identical to or confusingly similar to Roberts' distinct marks and trade names.  Defendants were well aware of Roberts' use and ownership of the trade names and trademarks relating to Roberts' business enterprise.

20.     Defendants' registration, trafficking in and use of the domain names identified above is dilutive of Roberts' trade names and trademarks.  Defendants had and have a bad faith intent to divert business from Roberts and Roberts Investment Group.  Defendants do not have trademark or other intellectual property rights in the names or marks used in the domain names.

21.     The domain names do not consist of the legal names of the defendants or the names that are commonly used to identify the defendants or their business enterprise, Breitling.  Defendants have never used the names or marks embedded in the domain names in connection with the bona fide offering of any goods or services and defendants' use of Roberts' names and marks in this matter is not a bona fide, non-commercial or fair use.  Defendants' use is in fact intended solely for the purpose of defaming and injuring Roberts and Roberts Investment Group and their business enterprise, to divert business from them.

22.     Defendants' conduct constituted a violation of the Anticybersquatting Consumer Protection Act ("ACPA") section of the Lanham Act, 15 U.S.C. § 1125(d).  The type of injury caused by defendants' conduct is irreparable, continuing and a type of injury for which plaintiffs have no adequate remedy at law.  Such actions by defendants were with bad faith intent to harm plaintiffs and their business.

## COUNT THREE
### (Unfair Competition)

23.     Defendants' acts described above constitute unfair competition with Roberts and Roberts Investment Group and their business enterprise under the common law and result in the unjust enrichment of defendants.

24.     Plaintiffs have suffered and will continue to suffer actual damages and special damages as a result of defendant's conduct.

## COUNT FOUR
### (Libel)

25.     Defendants' conduct described hereinabove amounts to libel at common law and plaintiffs have suffered actual damages and will continue to suffer actual damages as a result of defendants' libel.

26.     Defendants acted together and aided and abetted one another in the conduct described hereinabove and are jointly and severally liable for each other's conduct.

## COUNT FIVE
### (Statutory Libel)

27.     Defendants' conduct is violative of § 73.001, TEX. CIV. PRAC. & REM. CODE, and amounts to the libel of Roberts and his business enterprise.  In this regard, defendants' statements were defamatory and actually published, and defendants acted with malice or with negligence regarding the truth of the published statements.

## COUNT SIX
### (Business Disparagement)

28.     Defendants, acting together and for each other's benefits, have published an injurious falsehood that adversely affects the economic interests of Roberts and Roberts Investment Group's business enterprise.  Defendants' conduct has caused actual pecuniary

loss. Defendants knew of the falsity of the statements they published or acted with reckless disregard concerning the truth or falsity of such statements. Defendants acted with ill will and intended for their conduct to interfere with the economic interests of the plaintiffs. Defendants' conduct was not privileged.

29. Plaintiffs have suffered special damages and will continue to do so as a result of defendants' conduct.

## COUNT SEVEN

### (Trademark/Trade Name Infringement under Texas Law)

30. Plaintiffs' trade name, "Roberts Investment Group", is eligible for protection under common law. Plaintiffs are the senior users of the name "Roberts Investment Group". There is a likelihood of confusion between Roberts Investment Group's mark and trade name and as used by defendants.

## RELIEF REQUESTED

31. Plaintiffs are entitled to an injunction enjoining the defendants, both preliminarily and permanently, and all those acting in concert or participation with them from continuing to violate plaintiffs' trademark and trade name and continuing to maliciously publish false and defamatory statements about plaintiffs.

32. This injunctive relief is available under the Lanham Act, at common law and pursuant to Texas Business and Commerce Code § 16.29.

33. Plaintiffs are entitled to recover their actual damages, together with prejudgment interest thereon at the highest legal rate.

34. Defendants' conduct was committed with actual malice and intended to harm and injure plaintiffs. Plaintiffs are entitled to recover punitive damages in an amount to be determined by the trier of fact and at the highest level permitted by law.

35. The websites acquired by defendants that use the name "Roberts" should be forfeited and cancelled.

36. In the alternative, pursuant to the provisions of 15 U.S.C. § 1125(c)(2) and because the defendants acted with willful and bad faith intent, plaintiffs are entitled to a damages award in such sum as the Court deems to be just. In addition, plaintiffs reserve their right to elect an award of statutory damages of up to $1,000,000.00 for each use by defendants of the counterfeit mark "RIG".

## ATTORNEYS' FEES

37. The Court should determine that this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and, thus, plaintiffs should recover their reasonable attorneys' fees for all trials and appeals herein.

For the foregoing reasons, plaintiffs respectfully pray that the Court set plaintiffs' motion for preliminary injunction for hearing at the Court's earliest convenient date and to grant same; that upon final trial hereof, plaintiffs be granted a permanent injunction as requested, together with actual and statutory damages, punitive damages, attorneys' fees, prejudgment and post-judgment interest, costs and such further relief as the evidence and ends of justice may require.

BEN L. KRAGE          (# 11700000)
MARK A. HENDRIX   (# 09460500)
KRAGE & JANVEY, L.L.P.
2100 Ross Avenue, Suite 2600
Dallas, Texas 75201
214-397-1914
Facsimile: 214-220-0230
Email: bkrage@kjllp.com
      mhendrix@kjllp.com

ATTORNEYS FOR PLAINTIFFS

## JURY DEMAND

Plaintiffs respectfully demand that this case be tried to a jury.


_____
BEN L. KRAGE


cf\RobertsInvGroup-Complaint

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
T&E Investment Group, LLC d/b/a Roberts Investment Group and Timothy Roberts

**DEFENDANTS**
Christopher Faulkner, Breitling Oil and Gas Corporaiton, Parker Hallam and Dustin Rodriguez a/k/a Michael Miller

**(b)** County of Residence of First Listed Plaintiff    Ellis
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ben L. Krage, Esq., and Mark A. Hendrix, Esq., Krage & Janvey, L.L.P., 2100 Ross Avenue, Suite 2600, Dallas, Texas 75201; 214-397-1914

Attorneys (If Known)

**3-11CV0724-P**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

RECEIVED
BY
APR 8 2011
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1051, et seq.
Brief description of cause:
Internet trademark infringement and cybersquatting

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
(See instructions)
JUDGE     DOCKET NUMBER

DATE   April 8, 2011     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____